IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

MAY 26 2017

Clerk, US District Court
District of Montana - Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TODD KENNETH HOROB,<br><br>Defendant/Movant. | Cause No. CR 08-93-BLG-SPW<br><br>ORDER RECHARACTERIZING AND DENYING MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On May 22, 2017, Defendant Horob filed a document titled "Motion for Dismissal." He asserts that he was denied his right to represent himself. *See* Mot. (Doc. 208) at 1; *see also Faretta v. California*, 422 U.S. 806, 807 (1975).

To the extent Horob intends to collaterally attack the validity of the criminal judgment underlying his sentence, the Court lacks jurisdiction to hear his motion. As Horob has been advised, "[w]here the defendant is still in custody, the only legally cognizable form of relief against a criminal judgment is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255." Order (Doc. 164) at 2 (citing *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Carrington v. United States*, 503 F.3d 888, 890-91 (9th Cir. 2007), *amended*, 530 F.3d 1183, 1184 (9th Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002); *United States v. Valdez-Pacheco*,

1

237 F.3d 1077, 1080 (9th Cir. 2001)). Therefore, Horob's "Motion to Dismiss" must be recharacterized as a motion under 28 U.S.C. § 2255.[1]

But Horob has already litigated one § 2255 motion. As he has previously been advised, he generally may file only one § 2255 motion. *See* Order and Notice (Doc. 172) at 1-2; *see also* Order (Doc. 193) at 1-2, 19. This Court lacks jurisdiction to hear a second or successive § 2255 motion unless the Court of Appeals grants Horob leave to file one. *See* 28 U.S.C. §§ 2255(h), 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

The Court has considered whether it is in the interest of justice to transfer Horob's motion to the Court of Appeals. *See* 28 U.S.C. § 1631. But the motion is likely untimely. *See* 28 U.S.C. § 2255(f)(1). There does not appear to be a reason Horob could not have brought a *Faretta* claim in the first phase of his direct appeal, his appeal after re-sentencing, or his first § 2255 motion. Transfer is not in the interest of justice.

A certificate of appealability is not warranted. Whatever the merits of Horob's *Faretta* claim, dismissal for lack of jurisdiction is mandated by *Burton*. 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

---

[1] Because the consequences of recharacterization are different, courts are not required to give advance notice and warning before recharacterizing a pro se submission as a second or successive § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 377 (2003).

2

Accordingly, IT IS HEREBY ORDERED as follows:

1. Horob's motion to dismiss (Doc. 208) is RECHARACTERIZED as an unauthorized second or successive motion under 28 U.S.C. § 2255 and DISMISSED for lack of subject-matter jurisdiction.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Horob files a notice of appeal that does not allege a defect in the record of the criminal proceedings.

3. The clerk shall close the civil file by entering a judgment of dismissal.

4. The Order of June 12, 2015 (Doc. 201), remains in effect.

DATED this 26th day of May, 2017.

Susan P. Watters
United States District Court